```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

          v.                          11 Cr. 62 (PAC)

FORTIS GEORGIADIS,
                                      Sentence
               Defendant.

------------------------------x
                                      New York, N.Y.
                                      March 27, 2015
                                      11:25 a.m.

Before:

          HON. PAUL A. CROTTY

                                      District Judge




          APPEARANCES


PREET BHARARA
     United States Attorney for the
     Southern District of New York
CARRIE H. COHEN
     Assistant United States Attorney


RONALD J. NESSIM
     Attorney for Defendant
```

1           (Case called)

2           MS. COHEN:  Good morning, your Honor.  Carrie Cohen
3  for the government.  With me at counsel table is Special Agent
4  Richard Reinhardt from Internal Revenue Service investigation.

5           THE COURT:  Good morning.  How are you?

6           MR. NESSIM:  Good morning, your Honor.  Ronald Nessim
7  with my client Fortis Georgiadis.

8           THE COURT:  Mr. Nessim, Mr. Georgiadis, how are you?

9           THE DEFENDANT:  Good, sir.

10          THE COURT:  I think if we had had a little bit better
11 coordination between all of us, we could have saved Mr. Nessim
12 some work.  His submission on behalf of Mr. Georgiadis
13 addressed the PSR of March 19, which is no longer operative in
14 light of Ms. Cohen and Mr. Master's letter of March 16.  I
15 don't know when that was delivered.  At any rate, Ms. Cohen, do
16 you want to elaborate on your application?

17          MS. COHEN:  Sure, your Honor.  The government at this
18 time would like to move pursuant to section 5K1.1 of the United
19 States Sentencing Guidelines for a downward departure here in
20 light of the factors set forth in 5K1.1(a)(1) through (5).

21          As set forth in our letter and as your Honor is well
22 aware from the trial of David Levy and Donna Levy, the
23 defendant here was a critical witness for the government.  He
24 was a cooperating witness at trial.  He was the only
25 cooperating witness to the pump-and-dump stock fraud scheme

1  that testified at trial, and he was able to provide an insider
2  view both as to Donna Levy's role in the scheme as well as
3  David Levy's role in the scheme.
4      I know your Honor is well aware of that trial
5  testimony, how it fit in with all the other witnesses and all
6  the documents.  He also helped the government understand the
7  scheme.  He cooperated early and helped us understand the
8  scheme and go through documents as we prepared for trial.
9      In light of that, the government seeks a downward
10 departure for all relationships set forth in the letter.  I
11 also think the defendant's personal circumstances as set forth
12 by the defendant should weigh heavily in your Honor's
13 consideration of an appropriate sentence.
14     THE COURT:  You have seen the PSR of March 25, 2015?
15     MS. COHEN:  Yes, your Honor.
16     THE COURT:  Anything you disagree with in that?
17     MS. COHEN:  No, your Honor.
18     THE COURT:  There is not a forfeiture here in this
19 case, is there?
20     MS. COHEN:  There is forfeiture, your Honor.  It is
21 the same as the restitution amount.  The government will submit
22 a restitution order after sentencing.  The forfeiture amount,
23 your Honor, is $3,914,829.82.  Three-nine-one-four-eight-two-
24 nine-point-eight-two.
25     THE COURT:  Anything else you want to say?

1          MS. COHEN:  No, your Honor.

2          THE COURT:  Mr. Nessim.

3          MR. NESSIM:  Thank you, your Honor.  Your Honor, I'm
4  prepared to summarize some of the highlights in our sentencing
5  memo, the 5K letter --

6          THE COURT:  But you don't have to.

7          MR. NESSIM:  I was going to ask the Court if the Court
8  wanted me to.

9          THE COURT:  No.  I think in a case like this, Mr.
10 Nessim, without disclosing a state secret, I'm disposed to
11 follow the recommendation of the PSR and sentence Mr.
12 Georgiadis to time served.

13         MR. NESSIM:  Your Honor, we would submit on that.
14 Thank you.  Mr. Georgiadis I know submitted a letter to the
15 Court.

16         THE COURT:  Yes.

17         MR. NESSIM:  He also has a statement.  It is up to the
18 Court.

19         THE COURT:  I think it would be helpful to have Mr.
20 Georgiadis's statement just so the record is complete.

21         MR. NESSIM:  Thank you.

22         THE COURT:  You can stay seated if you would be more
23 comfortable, Mr. Georgiadis.

24         THE DEFENDANT:  Your Honor, I want to start off by
25 saying how truly sorry I am to the victims of the penny stock

1  scheme.  It wasn't done intentionally.  As much as I was told
2  it's just marketing and disclaimer, it doesn't excuse my
3  actions.  I wish there was a way to say I'm sorry to them face
4  to face.
5            There isn't a day that hasn't gone by that I don't
6  think about my criminal misconduct.  It is the first thing I
7  think about when I wake up and the last thing I think about
8  when I shut my eyes.  Please forgive me, sir.
9            I would like to apologize to my parents, who couldn't
10 be here today because of their blood pressure and heart and not
11 understanding the language.  To my wife and all my family, I'm
12 deeply sorry for the hurt and shame I've caused you.  Please
13 forgive me, and I'll do my best to make things right.
14           Your Honor, for the four years now this has been very
15 painful to me.  It has emotionally destroyed me.  I am only to
16 blame myself.  I try my best for my children to put on a happy
17 face.  It's the hardest thing to do because I know that from my
18 actions, I will be a felon for the rest of my life.
19           I beg you to have mercy on me to be able to continue
20 to fight for giving back and for rebuilding.  My family needs
21 me and I need them.  I'm sorry, and please forgiven me.
22           THE COURT:  Anything tells, Mr. Georgiadis?
23           THE DEFENDANT:  That's it, sir.
24           THE COURT:  Thank you.
25           MR. NESSIM:  Your Honor, I would note that Mrs.

1   Georgiadis is in the courtroom.

2           THE COURT:  I have the 5K1 letter, which attests to

3   Mr. Georgiadis's significant and useful assistance in giving

4   the insider's view of the Cardiac Network pump-and-dump and a

5   little bit of information on the Banneker scheme.  I think Mr.

6   Georgiadis proved to be truthful.  A jury of 12 found him to be

7   truthful and reliable in his testimony.  It was certainly

8   timely assistance.

9           I also note from Mr. Nessim's memorandum submitted on

10  behalf of Mr. Georgiadis that Mr. Georgiadis had withdrawn from

11  the Cardiac Network scheme before it was fully completed.  I

12  certainly weigh that factor.

13          I am going to sentence Mr. Georgiadis to time served.

14  There will be no custodial sentence.

15          Ms. Cohen and Mr. Nessim, what is your view on the

16  need for supervised release in light of Mr. Georgiadis's long

17  cooperation?

18          MS. COHEN:  Your Honor, the probation office

19  recommends 2 years, to run concurrently on each count.  The

20  government thinks that is appropriate.

21          THE COURT:  Mr. Nessim?

22          MR. NESSIM:  Your Honor, we would submit to that

23  recommendation, whatever the Court thinks is appropriate.

24          THE COURT:  I impose a term of supervised release of 2

25  years on Counts One and Two, Count One being the conspiracy

count and Count Two the substantive count charging securities fraud, each of those terms to run concurrently.

I am going to impose a special condition of 350 hours of community service. I don't think that is much of a burden to Mr. Georgiadis in light of his service that he has already rendering to his church and other community groups.

There is a forfeiture in the amount of $3,914,829.82. Has the forfeiture order been signed?

MS. COHEN: No, your Honor. We will submit that along with the restitution order.

THE COURT: Restitution will be an equal amount. I must impose a special assessment of $200. The supervised release is subject to the mandatory conditions, except I'm going to suspend the drug testing condition, because there is no basis for it. The standard conditions of supervision are imposed along with the following special conditions.

Mr. Georgiadis is to provide his probation officer with access to any requested financial information. He will not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The 350 hours of community service has to be with a community organization or a not-for-profit which is suitable to the probation office. Mr. Georgiadis is to report to the

1  nearest probation office within 72 hours from today's date, and
2  he is to be supervised in the district of his residence.
3          Mr. Georgiadis, where are you living now?
4          THE DEFENDANT:  I'm living in Connecticut, and my
5  probation officer as of right now, her name is Alicia Conte
6  Siciliana.  Pretrial, sorry.
7          THE COURT:  You have to be in touch with probation, if
8  not today, then by Monday.
9          THE DEFENDANT:  I'll send her an email today, your
10 Honor.
11         THE COURT:  Are there any underlying counts, Ms.
12 Cohen?  Oh, excuse me.  That is the sentence I intend to impose
13 Mr. Nessim.  Any objections other than the ones you have
14 already put forth?
15         MR. NESSIM:  No, your Honor.
16         THE COURT:  The sentence is imposed.
17         MS. COHEN:  Your Honor, if I could ask you to confirm
18 with the defendant that he has reviewed the PSR with his client
19 and that there are no inaccuracies and that the Court adopts
20 it.
21         THE COURT:  I was working off the March 25, 2015 PSR,
22 Mr. Nessim.  Do you have any corrections you want to make to
23 that?
24         MR. NESSIM:  No, your Honor.  My client has also
25 reviewed it, and we have no corrections.

1     THE COURT:  For the record, the guideline
2  calculations, which I assume everybody concedes are accurate,
3  the offense level is 28, the criminal history category is I.
4  Is that accurate, Mr. Nessim?
5     MR. NESSIM:  Yes, under the current guidelines.
6     THE COURT:  The current guidelines would call for 78
7  to 97 months.  But I'm not going to do that because of the 5K1
8  letter.  I am going to sentence, as I have, Mr. Georgiadis to
9  time served.
10     Is there anything else for the record, Ms. Cohen?
11     MS. COHEN:  Your Honor, the government would dismiss
12  any open counts and underlying indictments.
13     THE COURT:  They are dismissed.
14     MR. NESSIM:  Your Honor, will the bond be exonerated?
15     THE COURT:  The bond will be exonerated, yes.
16     MR. NESSIM:  Yes.
17     THE COURT:  What was the bond?
18     MR. NESSIM:  I believe it was an unsecured bond,
19  100,000 unsecured, I believe.
20     MS. COHEN:  I believe there were two co-signers, your
21  Honor.
22     MR. NESSIM:  That may be correct.
23     THE COURT:  The bail will be exonerated.
24     MR. NESSIM:  Thank you.
25     THE COURT:  There is nothing else?

1            MS. COHEN:  Nothing from the government, your Honor,
2    other than to advise the defendant of his right to appeal.
3            THE COURT:  Under Rule 32 of the Federal Rules of
4    Criminal Procedure and subject to the advice of counsel, Mr.
5    Georgiadis, I must advise you that you have the right to appeal
6    the sentence that I have just imposed.  If you can't afford to
7    pay appeal costs, you have the right to ask for permission to
8    appeal in forma pauperis.  If you so request, my clerk will
9    immediately prepare and file a notice of appeal on your behalf.
10   The notice of appeal has to be filed within 14 days of the
11   entry of judgment.  Judgment will be entered by the close of
12   business today.
13           MS. COHEN:  Thank you, your Honor.
14           MR. NESSIM:  Thank you, your Honor.
15           THE COURT:  Thank you very much.  Thank you, Mr.
16   Georgiadis.
17           THE CLERK:  This court stands adjourned.
18           (Adjourned)